PER CURIAM.
Supreme Court of Florida Tallahassee
June 7, 1956
Honorable LeRoy Collins
Governor of Florida
Tallahassee, Florida
Dear Governor:
We have for consideration your communication of June 6, 1956, requesting our advice regarding your executive powers and duties pursuant to Section 13 of Article IV of the Florida Constitution, F.S.A. You propound three questions for our reply. Your questions are numbered and *132 quoted, together with our answer following each, to wit:
“(1) Should an extraordinary occasion arise, has the Governor the power and authority to convene the legislature in special session, pursuant to Section 8, Article IV, of the State Constitution, during a recess of a special session previously called by him pursuant to Section 3, Article VII, of the State Constitution ? ”
In reply to this question, we understand the factual situation to be that the Legislature is presently in session pursuant to Executive Call issued under Section 3, Article VII, of the Constitution of Florida. In anticipation of a possibility that the Legislature might recess its current session, you contemplate that an extraordinary occasion might arise that would justify calling the Legislature into session under Section 8, Article IV, of the Constitution of Florida, during such recess. Your question suggests by implication a necessity for immediate advice as to your executive power during such a legislative recess in order that you might presently make a prompt decision on a problem of vital public concern. As so interpreted by us, the answer to your first question is yes. Section 8, Article IV, of the Constitution, was designed to enable the Governor to invite and request needed legislative action to meet public emergencies during-periods when the Legislature is not in regular session under Section 2, Article III, of the Constitution. If a recess of an extraordinary session called under Section 3, Article VII, of the Constitution, could preclude a call for a special session under Section 8, Article IV, it is obvious that both the Governor and the Legislature would thereby be incapacitated to deal with a public emergency requiring legislative action, should one arise during such recess. Obviously such a -result was not intended by the framers of the Constitution and the people who approved it.
“(2) Should the legislature already be in special session and engaged in the work thereof pursuant to the call of the Governor under Section 3, Article VII, of the State Constitution, and should an extraordinary occasion arise, does the Governor have the power and authority to convene the legislature in special session by virtue of Section 8, Article IV, of the State Constitution? ”
The Legislature is presently in extraordinary session pursuant to your call issued under Section 3, Article VII, of the Constitution. If an extraordinary occasion requiring legislative action should arise during such session, you would have the power to call the Legislature into special session under Section 8, Article IV, to consider matters permitted under that section. Your call would, of course, indicate the purpose for which the Legislature is to be convened under said section and the date of the convening which could be at a date subsequent to the recess or adjournment of the pending session convened under Section 3, Article VII, though not necessarily so.
Our answer to the second question is therefore yes. The reasons assigned for our reply to your first question are in substantial measure equally applicable to our answer to your second question.
“(3) Should the legislature, while in special session under Section 3, Article VII, of the State Constitution, extend its recess to a time following closely after the next general election, may I consider such date of reconvening binding upon the members of the legislature without an additional executive call?”
We understand from this inquiry that you face an immediate decision involving your executive powers and duties on a .mater of vital public concern and that your decision will be influenced by the extent of your power to call a special session of the Legislature after the next general election which is November 6, 1956, in the event that the current extraordinary session matter of vital public concern and that your State Constitution, should undertake to recess until á time after the next general election. You are advised that in the event the current session of the Legislature functioning pursuant to a call under Section 3, Ar- *133 tide VII, of the Constitution, should undertake to recess to a time following the next general election, then in order to reconvene the Legislature after November 6, 1956, it would be necessary for you to issue an additional executive call under the authority granted to you by Section 8, Article IV, of the Constitution. This is so for the reason that the terms of the Senators elected at the general election in 1952 and the present members of the House of Representatives expire when the polls are officially closed on November 6, 1956. See In re Advisory Opinion to the Governor, 76 Fla. 417, 79 So. 874; Davis ex rel. Taylor v. Crawford, 95 Fla. 438, 116 So. 41; and Section 3, Article III, and Sections 1 and 2, Article VII, of the Florida Constitution. The power of the Senators and members of the House of Representatives described above to act as a part of the legislative branch of the government expires when the polls are officially closed on November 6, 1956. After that time, members of the Legislature are those elected to the Senate and to the House of Representatives at the general election of November 6, 1956, and those Senators whose terms began with the general election of 1954. The specific answer to your inquiry is that inasmuch as the current members of the Legislature cannot bind members of the Legislature elected on November 6, 1956, by a recess resolution extending past the next general election, it would be necessary for you to issue an executive call under Section 8, Article IV, of the State Constitution, to those members of the Legislature elected at the general election of 1956, and those Senators. whose terms began at the general election of 1954 in order to reconvene the Legislature in special session.
Respectfully yours,
E. HARRIS DREW
Chief Justice
GLENN TERRELL
ELWYN THOMAS
T. FRANK HOBSON
B. K. ROBERTS
CAMPBELL THORNAL
STEPHEN C. O’CONNELL
Justices